IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-00491-PAB-MJW

UNITED STATES FIRE INSURANCE COMPANY and
NORTH RIVER INSURANCE COMPANY,

     Plaintiffs,

v.

PINKARD CONSTRUCTION COMPANY and
LEGACY APARTMENTS, LP,

     Defendants.

---

## ORDER DISMISSING CASE

---

**A. Background**

The Court takes up this matter on plaintiffs United States Fire Insurance Company and North River Insurance Company's Amended Complaint and response to the Court's order to show cause. Plaintiffs' Amended Complaint alleges that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).[1] *See* Am. Compl. for Declaratory J. [Docket No. 9] ("Am. Compl."). However, a *sua sponte* review by the Court revealed that the facts in the Amended Complaint

---

[1] In the jurisdictional statement, the Amended Complaint also mentions the federal Declaratory Judgment Act, 28 U.S.C. § 2201. The Declaratory Judgment Act is not an independent grant of jurisdiction and therefore cannot be the basis of this Court's subject-matter jurisdiction. *See Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) ("The Declaratory Judgment Act does not extend the jurisdiction of federal courts; it only enlarges the range of remedies available." (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)) (internal quotation marks and alteration marks omitted)).

establishing citizenship of the parties – and by extension the Court's subject-matter jurisdiction – were insufficient.  Therefore, on July 10, 2009, the Court issued an order to show cause why the case should not be dismissed for lack of diversity-based subject-matter jurisdiction [Docket No. 25].

With respect to citizenship of the parties, the Amended Complaint alleged that:

- U.S. Fire is an insurance company incorporated in Delaware, with its principal place of business in Morris Township, New Jersey.

- North River is an insurance company incorporated in New Jersey, with its principal place of business in Morris Township, New Jersey.

- Defendant, Pinkard, a Colorado limited partnership, is a construction company with its principal place of business in the County of Boulder, Colorado.

- Legacy is a Colorado limited partnership with its principal place of business located within the County of Boulder, Colorado.  Legacy has made claims against Pinkard.

Am. Compl. ¶¶ 2-5.  The show cause order noted that it was unclear from these averments what type of entity each plaintiff professed to be and that plaintiffs used an improper standard by which to measure defendants' citizenship.  Thus, plaintiffs were ordered to show cause by July 20, 2009 by indicating: (1) the type of entity and the citizenship of each plaintiff; and (2) the citizenship of the defendants in accordance with the proper standards.

On July 20, 2009, plaintiffs responded to the Court's order to show cause.  *See* Pl.'s Resp. to Order to Show Cause [Docket No. 28] ("Pls.' Resp.").  Plaintiffs first explained that both plaintiffs were corporations and reiterated that U.S. Fire was incorporated in Delaware with its principal place of business in New Jersey and that North River was incorporated and had its principal place of business in New Jersey.

*See* Pls.' Resp. ¶¶ 3-4.  Plaintiffs then explained that defendant Pinkard Construction Co. was a corporation, not a limited partnership as previously reported, and that Pinkard was incorporated and had its principal place of business in Colorado.  *See* Pls.' Resp. ¶ 5.

Lastly, plaintiffs addressed the other defendant in the case by reporting that The Legacy Apartments, LP is indeed a limited partnership formed in Colorado, that "[t]he sole general partner of The Legacy Apartments, LP is Macy Development Company, a Colorado corporation," and that "[a]ccording to the Certificate of Limited Partnership of The Legacy Apartments, LP, there are at least two partners in the partnership, at least one of whom is a limited partner."  Pls.' Resp. ¶¶ 6-8.  Plaintiffs also attached a certificate of good standing from the Colorado Secretary of State which indicates that Macy Development Company "is a Corporation formed or registered on 01/18/1984 under the law of Colorado, has complied with all applicable requirements of this office, and is in good standing with this office."  *See* Pls.' Resp. ¶¶ 6-8, ex. E at 3.  Plaintiffs concluded by stating that "[u]pon information and belief, no partner or limited partner of The Legacy Apartments, LP is a citizen of either Delaware or New Jersey."  Pls.' Resp. 8.  Other than documentation supporting the assertions discussed above, plaintiffs provided no other factual support for their invocation of this Court's subject-matter jurisdiction.

## B.  Subject-Matter Jurisdiction

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens*

*Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  "Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Section 1332(a) requires "complete diversity," that is, no plaintiff can be the citizen of a state of which any defendant is also a citizen.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).  The citizenship of the parties must be established with specificity.  *See Laughlin*, 50 F.3d at 873 ("Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.").  If complete diversity is lacking, and no other basis for jurisdiction exists, the court lacks the power to hear the case and the case must be dismissed.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Laughlin*, 50 F.3d at 873-74.

For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1) (2006); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990).  These considerations are irrelevant, however, to the determination of

a limited partnership's citizenship. A partnership is deemed to be a citizen of all of the states of which its partners, limited and general, are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

Furthermore, when a partnership consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is comprised of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See Richardson v. Edward D. Jones & Co.*, 744 F. Supp. 1023, 1024-25 (D. Colo. 1990); *cf. Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

## C.  Citizenship of the Parties to the Present Case

In the present case, even after the plaintiffs' response to the order to show cause, the Court is unable to ascertain the citizenship of all of the parties in this case. Specifically, the citizenship of defendant The Legacy Apartments, LP remains elusive.[2]

---

[2] There has been no suggestion that The Legacy Apartments, LP is a "nominal" party in this action and, as such, may be discounted for diversity purposes. *Cf. Oklahoma ex rel. Williams v. Okla. Natural Gas Corp.*, 83 F.2d 986, 988 (10th Cir. 1936) (stating that "a mere nominal party without any substantial interest in the controversy" does not impact a diversity analysis). Furthermore, because The Legacy Apartments has a substantial interest in this case, it does not appear to be a "nominal" party. *See* Black's Law Dictionary 1154 (8th ed. 2004) (defining "nominal party" as "[a] party to an action who has no control over it and no financial interest in its outcome; [especially], a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment, but who is nonetheless joined in the lawsuit to avoid procedural defects").

The citizenship of Legacy's general partner, Macy Development Company, cannot be determined with certainty based on plaintiffs' averments and supporting evidence. For instance, plaintiff does not allege or provide evidence regarding Macy Development Company's principal place of business.

However, of greater concern is the fact that, even if Macy Development Corporation was formed and had its principal place of business in Colorado, all that can be said of The Legacy Apartments, LP is that its general partner is diverse from the plaintiffs. The materials submitted by plaintiffs indicate "that there are *at least two* partners in the partnership, at least one of whom is a limited partner." *See* Pls.' Resp., ex. E (Certificate of Limited Partnership of the Legacy Apartments L.P.) at 2 (emphasis added). Based on this statement, it is not clear whether The Legacy Apartments, LP has one or a multiplicity of limited partners. Plaintiffs have not accounted for the citizenship of any limited partner.[3]

Plaintiffs averment that "[u]pon information and belief, no partner or limited partner of The Legacy Apartments, LP is a citizen of either Delaware or New Jersey" is insufficient. The Court reads this averment to mean that plaintiffs have no affirmative knowledge of a lack of diversity. Such unsupported conjecture does not confer subject-matter jurisdiction over this case. *See Affordable Communities of Mo. v. EF & A Capital Corp.*, 4:08-CV-1509 CAS, 2008 WL 4966731, *2-3 (E.D. Mo. Nov. 19, 2008)

---

[3] The uncertainty created by the unknown status of Legacy's limited partner or partners is by no means inconsequential, particularly in light of the fact that one plaintiff is a citizen of Delaware, a state where corporations are frequently formed.

(statement that none of the unidentified members of an LLC was the citizen of a particular state was insufficient to establish diversity of citizenship).

If the Court were to proceed without establishing the citizenship of the parties, it would run the risk that a later revelation – perhaps after pre-trial matters, trial, and even entry of judgment – would demonstrate that complete diversity, and hence subject-matter jurisdiction, is lacking. *See*, *e.g.*, *Cannon v. United States*, 338 F.3d 1183 (10th Cir. 2003) (dismissing case following bench trial and entry of judgment because district court lacked subject-matter jurisdiction). At that point, the case would be dismissed and all orders vacated. *See Laughlin*, 50 F.3d at 874 ("[S]ubject matter jurisdiction is not a matter of equity or of conscience or of efficiency, but is a matter of the lack of judicial power to decide a controversy." (internal quotation marks omitted)); *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245-46 (10th Cir. 2005) (vacating all orders issued in case where district court lacked subject-matter jurisdiction).

Therefore, based on the incomplete set of jurisdictional facts before it, the Court cannot oblige plaintiffs in their "request that this Court enter an Order declaring that this Court has jurisdiction over the parties and the subject matter of this litigation." Pls.' Resp. ¶ 2; *see also* Am. Compl. at 17. Moreover, because these facts fail to assure the Court that it has jurisdiction over the matter, the Court may not proceed. *See Cunningham*, 427 F.3d at 1245. Furthermore, plaintiffs have neither apprised the Court of any effort or intent to develop the jurisdictional facts, nor have they sought to amend their jurisdictional averments. As a result, plaintiffs have failed to meet their burden of

establishing the Court's subject-matter jurisdiction in this matter, have failed to show cause as ordered by the Court, and, as a consequence, the case must be dismissed.

**D.  Conclusion**

Because plaintiffs have failed to meet their burden in establishing the Court's subject-matter jurisdiction over this case, it is

**ORDERED** that this case is DISMISSED without prejudice.  It is further

**ORDERED** that all pending motions [Docket Nos. 12, 19, 24, 27] are DENIED as moot.

DATED July 28, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge